UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SILVERDALE PLUMBING & HEATING, INC. a Washington Corporation,<br><br>Plaintiff,<br><br>v.<br><br>CONSOLIDATED SUPPLY CO., an Oregon corporation,<br><br>Defendant/Third-Party Plaintiff,<br>v.<br><br>LASCO BATHWARE, INC., a Delaware corporation,<br><br>Third-Party Defendant. | CASE NO.  C04-0930RSM<br><br>ORDER DENYING  LASCO BATHWARE, INC.'S MOTION FOR SUMMARY JUDGMENT RE PRE TENDER DEFENSE COSTS AND DENYING CONSOLIDATED SUPPLY CO.'S CROSS-MOTION FOR SUMMARY JUDGMENT RE INDEMNIFICATION |

## I. INTRODUCTION

This matter comes before the Court on Third-Party Defendant's Motion for Summary Judgment (Dkt. #27) and Defendant/Third-Party Plaintiff's Cross-Motion For Summary Judgment (Dkt #33).  Third-Party Defendant asks the Court to dismiss Defendant/Third-Party Plaintiff's request for pre and post-tender defense costs. Third-Party Defendant Lasco Bathware,

ORDER DENYING MOTION FOR  SUMMARY JUDGMENT
PAGE - 1

Inc. ("Lasco") alleges it was not obligated to accept tender until it could ensure there were no independent claims against Defendant/Third-Party Plaintiff Consolidated Supply Co. ("Consolidated"). Defendant/Third-Party Plaintiff replied and in a cross-motion asks the Court to grant its indemnification claim against Third-Party Defendant and award its attorney fees and costs incurred in this matter. Consolidated alleges that Lasco knew after its first request, in April 2004, that Plaintiff Silverdale Plumbing & Heating ("Silverdale") alleged no independent basis of liability against Consolidated and is obligated to pay its pre and post-tender defense costs.  For the reasons set forth below, the Court DENIES both motions for summary judgment.

## II. DISCUSSION

**A. Background**

Plaintiff Silverdale is a plumbing contractor who, in 2001, placed an order with Consolidated for 96 Lasco ADA compliant shower units for installation at Montclair Park, a retirement facility in Poulsbo, Washington. The units were shipped directly from the manufacturer, Lasco to Montclair Park.  In response to complaints from Montclair Park that the showers were not draining properly, Silverdale made repairs to correct the installation problems. In March 2004, Silverdale brought an action against Consolidated alleging the units were defective and nonconforming goods and they did not drain to the specifications of the units. The complaint made no specific claims as to Consolidated's actions.

In response to the complaint brought by Plaintiff Silverdale, on April 2004, Consolidated asked Lasco to accept Consolidated's tender of defense. Since that time, Consolidated requested Lasco accept its tender of defense on at least six occasions. Subsequently, Consolidated brought a third-party complaint against Lasco. In October, Silverdale replied to interrogatories propounded by both Consolidated and Lasco. In its answers Silverdale indicated it had independent claims against Consolidated. Specifically, Silverdale indicated that Consolidated

ORDER DENYING MOTION FOR  SUMMARY JUDGMENT
PAGE - 2

made express warranties about the showers. Lasco then propounded a second set of interrogatories to Silverdale. In those answers, Silverdale could not identify any person who made or received the alleged representations. Lasco alleges that it was only after receipt of Silverdale's answers to the second set of interrogatories, in November 2004, that it became clear there were no independent claims against Consolidated. In December 2004, Lasco conditionally agreed to defend and indemnify Consolidated against any judgement obtained against them in the trial of this matter. The offer did not include pre-tender defense costs. Consolidated has refused to accept Lasco's offer unless Lasco agrees to pay both their pre-tender and now post-tender costs. These cross-motions for summary judgement followed.

**B. Summary Judgment Standard**

Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). The Court must draw all reasonable inferences in favor of the non-moving party. *See F.D.I.C. v. O'Melveny & Meyers*, 969 F.2d 744, 747 (9th Cir. 1992), *rev'd on other grounds,* 512 U.S. 79 (1994). The moving party has the burden of demonstrating the absence of a genuine issue of material fact for trial. *See Anderson*, 477 U.S. at 257. Mere disagreement, or the bald assertion that a genuine issue of material fact exists, no longer precludes the use of summary judgment. *See California Architectural Bldg. Prods., Inc., v. Franciscan Ceramics, Inc.*, 818 F.2d 1466, 1468 (9th Cir. 1987).

Genuine factual issues are those for which the evidence is such that "a reasonable jury could return a verdict for the non-moving party." *Anderson,* 477 U.S. at 248. Material facts are those which might affect the outcome of the suit under governing law. *See id.* In ruling on summary judgment, a court does not weigh evidence to determine the truth of the matter, but

"only determine[s] whether there is a genuine issue for trial." *Crane v. Conoco, Inc.*, 41 F.3d 547, 549 (9th Cir. 1994) (citing *O'Melveny & Meyers*, 969 F.2d at 747).

**C. Cross-Motions for Summary Judgment.**

In this case there is an issue of material fact as to when Lasco knew or should have known there were no independent claims against Consolidated and accepted its tender of defense. Due to this factual dispute, the Court finds that summary judgement is not proper at this time. Accordingly, the Court DENIES both Third-Party Defendant and Defendant/Third-Party Plaintiff's motions for summary judgment.

### III. CONCLUSION

Having reviewed Third-Party Defendant's motion for summary judgment (Dkt. #27), Defendant/Third-Party Plaintiff motion for summary judgment (Dkt #33) and the declarations and documentary evidence in support of the motions, and the remainder of the record, the Court hereby DENIES Lasco Bathware Inc.'s Motion for Summary Judgment Dismissing Defendant/Third-Party Plaintiff Consolidated Supply Co.'s Claims for Pre-Tender Defense Costs and Consolidated Supply Co.'s Cross-Motion for Summary Judgment Against Lasco Bathware Inc. for Indemnification.

The Clerk shall forward a copy of this Order to all counsel of record.

DATED this _5_ day of August, 2005.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE